**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| **JOHN MITCHELL,** | Civil Action No. |
| Plaintiff, | Judge |
| v. | Magistrate Judge |
| **LIFE STORAGE LP and** **EXTRA SPACE STORAGE LP** | <u>**COMPLAINT FOR DAMAGES**</u> |
| Defendants. | <u>**JURY DEMAND ENDORSED HEREON**</u> |

_____/

Plaintiff John Mitchell ("Plaintiff") and for his Complaint for Damages against Defendants Life Storage LP ("LS") and Extra Space Storage LP ("ESS", together with LS, the "Defendants") states as follows:

<u>**PARTIES, JURISDICTION AND VENUE**</u>

1. Plaintiff John Mitchell is a natural person who resides in Irving, Texas.

2. Defendant Life Storage LP is a foreign limited partnership created under the laws of the State of Delaware which has a principal place of business located in Salt Lake City, Utah.

3. Defendant Extra Space Storage LP is a foreign limited partnership created under the laws of the State of Delaware which has a principal place of business located in Salt Lake City, Utah.

4. ESS purchased LS in 2023 and Plaintiff is unable to determine whether LS remains a liable party for acts committed for LS post-acquisition for contracts entered between Plaintiff and LS prior to ESS's purchase of LS.

5. The majority of Plaintiff's interactions with Defendants were with Defendants' employees and location at 4805 96 St. E, Palmetto, FL 34221 ("Life Storage #1064").

6.      This Court has general diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between Plaintiff and Defendants.

7.      This Court has supplemental jurisdiction to hear any state law claims that are pleaded herein or that may subsequently arise pursuant to 28 U.S.C. § 1367.

8.      Venue is proper in the United States District Court in and for the Middle District of Florida pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

<u>APPLICABLE LAW</u>

<u>FDUTPA STATUTORY STRUCTURE</u>

9.      The Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. § 501.201, *et seq*., is a Florida State consumer protection statute designed to protect the consuming public from those who engage in unfair methods of competition, unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce. Fla. Stat. § 501.202(2).

10.     The FDUTPA imposes liability on any person or entity who engages in "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.204(1).

11.     The remedies available under the FDUTPA provide for recovery of actual damages. That recovery is "in addition to remedies otherwise available for the same conduct under state or local law." Fla. Stat. § 501.213; *Delgado v. J.W. Courtesy Pontiac GMC-Truck, Inc.*, 693 So. 2d 602, 605 (Fla. 2d DCA 1997).

## FACTUAL ALLEGATIONS

### The Lease through Commencement of Arbitration

12.    On or about March 18, 2022 Plaintiff and Defendants, as LS, entered a Rental Agreement for a 10' by 5' space located at Life Storage #1064. *See e.g. generally* **Exhibit 1**.

13.    Pursuant to the Agreement, Plaintiff agreed to Defendants for the rental space on a monthly basis. *Id.*

14.    Pursuant to Paragraph 4 of the Agreement Plaintiff was required as a condition precedent to provide Defendants with proof of insurance which he provided at the time of formation of the contract as required.

15.    Pursuant to Paragraph 9 of the Agreement Plaintiff agreed to use the space for lawful purposes. *Id.* at p. 3

16.    Pursuant to Paragraph 21 of the Agreement any claim that arises out of the Agreement or loss of damage to stored property must be brought within 12 months of the acts, omissions, or inactions that give rise to the claim. *Id.* at p. 4.

17.    At the time Plaintiff and Defendants' representatives entered into the Agreement at Life Storage #1064 Defendants' representatives failed to provide Plaintiff with a copy of the Agreement to review in full prior to signature.

18.    At no time during the initial formation and execution of the Agreement did Defendants' representatives provide any written or verbal statements regarding the material provisions of the Agreement related to arbitration and liquidated damages.

### The Theft Incident

19.    Sometime in mid-2023 Plaintiff relocated from Palmetto, Florida to Texas.

20.     Despite his relocation, Plaintiff maintained his storage unit with Defendants where he retained personal property, some of which for all times pertinent to this Complaint included, but, was not limited to a collection of Louis Vuitton purses which Plaintiff had been purchasing since as far back as 2011.

21.     On June 25, 2025 Plaintiff traveled to his storage unit at Life Storage #1064. When Plaintiff arrived, he met with Defendants' representative Candy M. Morgan ("Morgan") who went with Plaintiff to his storage unit to unlock the unit.

22.     When Morgan and Plaintiff opened the unit, Plaintiff discovered that his unit was completely empty.

23.     On June 25, 2025 at 11:37 a.m. Plaintiff contacted the Manatee County (FL) Sheriff to report what he believed was a burglary. A true and correct copy of the police report is attached as **Exhibit 2** to this Complaint.

24.     As noted in Exhibit 2, Plaintiff, Morgan and a second representative of Defendants, Sarah E. Esau ("Esau") were interviewed and provided conflicting versions of what may have happened to Plaintiff's personal property. *See* Exhibit 2 at p. 4.

25.     In his statement, Plaintiff noted:

> I have had this storage unit ever since I moved away to Texas several years ago. I have not had the chance to come back to get my stuff. I have probably $150,000 worth of Louis Vuitton items in that room. I also had several jugs of hand sanitizer and rubbing alcohol that I had bought during the shortage from Covid. I will work on compiling a PDF of all the receipts and send the PDF to you. I have not been to my unit since then. I got behind on my payments but once they notified me I made my late payments and got caught up. I will sue them for negligence.

*Id.*

26.     In her statement, Morgan stated:

> John came in and I took him back to get into his unit and when we opened it there was nothing inside. On May 6th we cut the lock onto the unit, photographed it, and replaced it with our lock and put the wrap (zip tie) on the unit latch. We also removed

4

all of the liquids from the unit per policy, but I do not know what happened to them. Then when John paid on 05/24/2025 I took our lock off the unit and replaced it with a new lock for John and set the keys aside for when he returned. I did not open the unit on this day. The wrap was still on there and untouched so I knew no one could be in the unit. Today when John came, and I let him into the unit the wrap was still on there so I do not see how anyone could have gone in. I had a couple of other employees with me when I was in John's storage unit on 05/06/2025.

*Id.*

27.     In her statement, Esau stated:

On 04/24/2025 we sent notice to John that he was 36 days delinquent and that we would begin the auction process if he did not pay. On 05/05/2025 John was sent the notice of lien. On 05/06/2025 his lock was removed and a Life Storage lock was put on. On 05/24/2025 John made his payment and the Life Storage lock was removed, and a new lock was put on for John since he could not respond in person to put the lock on himself. I called our IT department, and they are working on getting further video from before 06/07/2025.

*Id.*

28.     Following the filing of the police report Plaintiff filed an insurance claim with Occidental Fire & Casualty Co. of North Carolina and by July 14, 2025, that claim was denied as the insurance company stated their review of the evidence submitted does not support coverage under the policy's definition of burglary which was defined as the act of stealing property by forcible entry into the storage space described in the Rental Agreement.

29.     Burglary is not a defined term in Exhibit 1. *See, e.g. generally* Exhibit 1.

30.     Around the same time as filing an insurance claim, Plaintiff filed an administrative complaint with the State of Florida Department of Agriculture and Consumer Services. On July 16, 2025 Defendants sent a response to Plaintiff's complaint which stated, in part "Extra Space would like to respond to John Mitchell's complaint, however the information that Mr. Mitchell provided does not match our records."

31.     Plaintiff was frustrated and confused when he received Defendants' July 16, 2025 letter because he provided Defendants with substantially similar personally identifiable

information with his complaint as he initially provided Defendants when he entered into the Agreement.

32.    Based on the allegations herein, *supra*, as a direct result of the actions and inactions of Defendants either directly or through its agents, Defendants either improperly removed Plaintiff's personal property between May 6, 2025 and June 25, 2025 or based on the statements made in Exhibit 2 by Defendants' employees failed to take steps to safeguard the unit which Defendants unilaterally improperly exercised its rights to "secure" the unit on May 6, 2025.

33.    Based on the allegations herein, *supra*, as a direct result of the actions and inactions of Defendants, Plaintiff has suffered actual damages in the form of monetary loss of his personal property, lost time in having to deal with this as well as actual non-economic damages in the form of emotional distress including but not limited to frustration, anxiety, loss of sleep, and embarrassment.

### The Arbitration Proceedings

34.    On March 25, 2026, Plaintiff exercised his right under Exhibit 1 and initiated an arbitration against Defendants captioned *John Mitchell v. Life Storage LP, et al.*, American Arbitration Association Case No. 01-26-000-14529. A true and correct copy of the Demand for Arbitration is attached as **Exhibit 3**.

35.    On May 1, 2026, the American Arbitration Association sent correspondence to each Defendant notifying them that because Defendant Extra Space Storage had previously failed comply with AAA's policies regarding consumer claims, set forth in AAA's Consumer Due Process Protocol and Consumer Arbitration Rules, AAA declined to administer Plaintiff's Demand. A true and correct copy of the declination letter is attached as **Exhibit 4.**

36.     As a direct result of Defendant's failure to comply with Defendants' own contractual provisions to arbitrate, Plaintiff has been unable to seek full redress for months not only for the allegations contained in Exhibit 1 caused only by inactions of Defendants which renders Plaintiff's ability to fully adjudicate his claim against Defendants with this Court.

37.     As a result of the actions and inactions of Defendants, Plaintiff has incurred actual damages, including but not limited to, (1) the damages described in Paragraph 30 above, (2) attorneys' fees and costs related to the prosecution of the Arbitration in excess of $3,500, and (3) attorneys' fees and costs related to the prosecution of this matter.

<u>COUNT I: AGAINST DEFENDANTS</u>
**BREACH OF CONTRACT**

38.     Plaintiff restates and incorporates all of the allegations contained in paragraphs 1 through 34 in their entirety, as if fully rewritten herein.

39.     Plaintiff entered into a binding contract with Defendants for services related to the lease of the storage space.

40.     Based upon the allegations herein and Exhibits 1 and 2, Plaintiff fully performed her contractual obligations up to the point of Defendants' failure to perform and Defendants' initial and material breach of the contract.

41.     Based upon the allegations herein and Exhibits 1 and 2, Defendants knowingly breached the Agreement by: 1) improperly entering Plaintiff's storage unit between May 6, 2025 and June 25, 2025 and removing all of Plaintiff's contents from the unit; 2) improperly disposing of Plaintiff's property from the unit; 3) improperly changing the lock on the storage unit at a time when Plaintiff was in substantial compliance with the terms of the Agreement; and 4) once Defendants had exercised dominion and control over the storage unit, failing to maintain safeguards to prevent the unlawful removal of Plaintiff's property.

42. Defendants' breaches proximately and directly caused Plaintiff to suffer damages as outlined above, in addition to other costs and expenses.

43. Defendant has breached the contract and is liable to Plaintiff for actual damages in a total amount to be determined.

44. In addition, based on the allegations above and Exhibit 1, the parties entered into an agreement that required all disputes pursuant to AAA Consumer Arbitration Rules. *See* Exhibit 1 at pp. 6.

45. The Consumer Arbitration Rules provide that before an arbitration is administered, the business must pay its portion of the filing fee.

46. Based upon the allegations herein, *supra*, and Exhibits 3 and 4, Plaintiff performed all necessary conditions precedent with respect to the filing of the Arbitration, including the payment of their fees under the Consumer Rules. *See, e.g. generally*, Exhibits 3 and 4.

47. Based upon the allegations herein, *supra*, and Exhibit 4, Defendants breached the terms of the arbitration agreement by failing and refusing to pay the filing fees as required under the Consumer Arbitration Rules incorporated into the parties' agreement of terms of service.

48. Based upon the allegations herein, Defendants' breach(es) of contract caused Plaintiff to suffer injuries including, but not limited, to (1) the damages described in Paragraph 30 above, (2) the incursion of attorney fees and costs related to the prosecution of the Arbitration in excess of $3,500, and (5) the incursion of attorneys fees and costs related to the prosecution of this matter.

49. Defendants have breached the contract and are liable to Plaintiff for actual damages in a total amount to be determined by the Court.

## COUNT II: AGAINST DEFENDANTS
### CONVERSION

50.     Plaintiff restates and incorporates all of the allegations contained in paragraphs 1 through 34 in their entirety, as if fully rewritten herein.

51.     Based upon the allegations herein and Exhibit 1, at all times relevant, Plaintiff was in substantial compliance of the terms of the Agreement with Defendants.

52.     Based upon the allegations herein and Exhibits 1 and 2, as of May 6, 2025, Plaintiff had personal property in his storage unit at Defendants' location which was valued in excess of $150,000.

53.     Based upon the allegations herein and Exhibits 1 and 2, between May 6, 2025 and June 25, 2025, Defendants' representatives removed the lock on Plaintiff's unit and replaced it with their own, which immediately deprived Plaintiff of use and control of his unit.

54.     Based upon the allegations herein and Exhibits 1 and 2, between May 6, 2025 and June 25, 2025, at a time when Defendants maintained full dominion and control over Plaintiff's unit and its contents, Plaintiff's personal property in the unit was removed and not returned to Plaintiff by Defendants or any third party.

55.     By depriving Plaintiff of the use of his personal property for all times since May 6, 2025, Defendants breached their fiduciary duties owed to Plaintiff, causing damages to Plaintiff.

56.     Defendants are liable to Plaintiff for an award of actual damages and punitive damages in a total amount to be determined.

<u>**COUNT III: AGAINST DEFENDANTS**</u>
**VIOLATIONS OF THE FDUTPA**
**(Fla. Stat. §§ 501.201, *et seq*.)**

57.     Plaintiff restates and incorporates all of the allegations contained in paragraphs 1 through 34 in their entirety, as if fully rewritten herein.

9

58.    The FDUTPA prohibits unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce. Fla. Stat. § 501.202(2).

59.    The FDUTPA creates a private right of action. *See*, Fla. Stat. § 501.211(2)

60.    Plaintiff is a consumer as defined by Fla. Stat. §501.203(7).

61.    Each of the Defendants are engaged in trade or commerce as defined by Fla. Stat. § 501.203(8) in relation to contract with Plaintiff.

62.    Based upon the allegations, herein, *supra*, Defendants engaged in the unfair and deceptive practices as described herein, which offend public policies and are immoral, unethical, unscrupulous and injurious to consumers in violation of FDUTPA, including but not limited to:

a.   Improperly removing Plaintiff's personal property and contents of his storage unit between May 6, 2025 and June 25, 2025;

b.   Improperly removing Plaintiff's lock for his storage unit between May 6, 2025 and June 25, 2024;

c.   Improperly exercising dominion and control over Plaintiff's storage unit and all contents within the unit between May 6, 2025 and June 25, 2025;

d.   Failing to maintain reasonable security measures between May 6, 2025 and June 25, 2025 to ensure there was no improper access to Plaintiff's storage unit;

e.   Failing to properly investigate Plaintiff's administrative complaints; and

f.   Failing to abide by the AAA Rules which proximately caused AAA to unilaterally terminate Plaintiff's Demand for Arbitration.

10

63.    Plaintiff, as a consumer, has been aggrieved by Defendants' unfair and deceptive practices by being deprived of the use and enjoyment of his personal property within the storage unit for all times since May 6, 2025.

64.    The harm suffered by Plaintiff was directly and proximately caused by the deceptive and unfair practices of Defendants as more fully described herein, *supra*.

65.    Defendants have violated the FDUPTA and Plaintiff is entitled to an award of actual damages and attorneys' fees and costs pursuant to Fla. Stat. §§ 501.211(2) and 501.2105.

## JURY DEMAND

66.    Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff John Mitchell respectfully requests for an Entry granting the following relief from Defendants Life Storage LP and Extra Space Storage LP:

A. For an award of actual damages to Plaintiff in a total amount to determined at trial against Defendants, jointly and severally as applicable, for the allegations contained in Counts One, Two, and/or Three of the Complaint;

B. For an award of punitive damages, as applicable, in a total amount to determined at hearing against Defendants, jointly and severally as applicable, for the allegations contained in Counts One and/or Two of the Complaint;

C. For an award of statutory damages, as applicable, against Defendants, jointly and severally as applicable, for the allegations contained in Count Three of the Complaint;

D.  For an award of Plaintiff's reasonable attorneys fees and costs, as applicable, against Defendants, jointly and severally as applicable, for the allegations contained in Counts One, Two and/or Three of the Complaint; and

E.  For all other relief this Court deems just and proper.

Dated: June 11, 2026

By:   */s/ Michael A. Smith, Jr.*
      Michael A. Smith, Jr. (FL Bar #1061760)
      Brian D. Flick (OH #0081605)*
      Brent S. Snyder (OH #0104059)*
      **Pro Hac Vice Application Anticipated*
      DannLaw
      15000 Madison Avenue
      Lakewood, OH 44107
      Phone: 216-373-0539
      Fax: 216-373-0536
      msmith@dannlaw.com
      notices@dannlaw.com
      *Attorneys for Plaintiff John Mitchell*

12